**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
*enoch.liang@ltlattorneys.com*
Lauren Sliger (SBN 213880)
*lauren.sliger@ltlattorneys.com*
Danica Lam (SBN 266710)
*danica.lam@ltlattorneys.com*
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Plaintiffs,
Yamato Holdings Co. LTD
and Yamato Transport USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAMATO HOLDINGS CO. LTD, a Japanese corporation, and; YAMATO TRANSPORT USA, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANXIN WOOD PRODUCTS CORP., a California corporation; GANG SONG, an individual; and DOES 1 TO 5, inclusive,<br><br>Defendants. | Case No.:  2:16-cv-6867<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, CANCELLATION OF TRADEMARK AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Yamato Holdings Co. Ltd. and Yamato Transport USA, Inc. (collectively "Yamato" or "Plaintiffs"), for its Complaint against Defendants Anxin Wood Products Corp. ("Anxin"), Gang Song ("Song"), and DOES 1-5 (collectively "Defendants"), allege as follows:

## I. INTRODUCTION

1. This case arises from Defendants' infringement and dilution of Plaintiffs' U.S. Trademark Registration Nos. 1,167,709 and 4,053,503 (collectively "Dual Cat Marks"), which comprise a stylized cat and kitten within an oval (the "Dual Cat Marks design").

2. To stop defendants from using a mark which substantially copies and imitates Yamato's Dual Cat Marks ("Infringing Mark"), Yamato assert against Defendants the following causes of action: 1) trademark infringement under section 32 of the Lanham Act, 15 U.S.C. § 1114, Cal. Bus. & Prof. Code § 14245, and common law; 2) trademark dilution under section 43 of the Lanham Act, 15 U.S.C. § 1125, Cal. Bus. & Prof. Code § 14247, and common law; 3) false designation of origin under 15 U.S.C. §1125; 4) unfair competition under Cal. Bus. & Prof. Code §17200 and common law; 5) cancellation of trademark; and 6) declaratory relief. Side-by-side images of the parties' respective marks are depicted below, with the genuine Dual Cat Marks on the left and the Infringing Mark on the right:

**Yamato's Dual Cat Marks**     **Defendant's Infringing Mark**

 

//

//

COMPLAINT

## II.    PARTIES

3.    Yamato Holdings Co. LTD ("Yamato Holdings") is a corporation organized and existing under the laws of Japan with a principal place of business at 16-10, Ginza 2 Chrome Chuo-ku, Tokyo Japan 104-8124.  Yamato Holdings is the owner of U.S. Trademark Registration Nos. 1,167,709 and 4,053,503.

4.    Yamato Transport USA, Inc. ("Yamato U.S.A.") is a wholly owned subsidiary of Yamato Holdings and is a corporation organized and existing under the laws of the State of New York with a principal place of business at 80 Seaview Dr. Seacaucus, New Jersey 07094.   Yamato U.S.A. is authorized to do business in California.  Yamato U.S.A. is the exclusive licensee of the Dual Cat Marks in the United States.

5.    Upon information and belief, defendant Anxin Wood Products Corp. is a corporation organized and existing under the laws of the State of California with a principal place of business at 17051 Green Drive, City of Industry, CA 91745. According the California Secretary of State records, Anxin was incorporated in June 2014.

6.    Upon information and belief, defendant Gang Song is a Chinese national residing and doing business in the state of California, and at all relevant times, is and was an officer of defendant Anxin.

7.    The true names and capacities, whether individual, corporate otherwise of Defendants DOES 1-5 inclusive, are unknown to Plaintiffs, who therefore sue them by such fictitious names.  Plaintiffs will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that those Defendants proximately caused Plaintiffs' damages.  At all times herein mentioned, Defendants DOES 1-5 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were

acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## III.   JURISIDICTION AND VENUE

8.     The Court has subject matter jurisdiction over Plaintiffs' federal law claims for trademark infringement, trademark dilution, false designation of origin, cancellation of trademark, and unfair competition claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) & (b).  The Court has subject matter jurisdiction over Plaintiffs' state and common law claims under 28 U.S.C. §1367 and, because the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship under 28 U.S.C.§ 1332.

9.     Upon information and belief, the Court has personal jurisdiction over Defendants because they regularly solicit, transact, and do business within California and this district, and the claims in this action arise out of such business.

10.     Upon information and belief, Defendants have caused and are causing injury within this district by infringing Yamato's Dual Cat Marks in this district.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district and because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district.

## IV.   ALLEGATIONS COMMON TO ALL CLAIMS

### A. Yamato's ownership and exclusive rights in connection with the Dual Cat Marks

12.     Plaintiff Yamato Holdings and a related Yamato entity, Yamato Transport Co., Ltd. ("Yamato Transport"), provide the largest door-to-door delivery service in Japan.  Yamato also provides international freight forwarding services of all types of cargo including furniture and property fixtures, including wooden

fixtures and flooring.  Yamato and its related entities operate both in Japan and internationally, delivering cargo all over the world.  Yamato's Dual Cat Marks symbolize Plaintiffs' reliable, high quality shipping service, delivering cargo on time and in good condition.  Yamato's Dual Cat Marks design is so strongly identified with Yamato that Yamato is colloquially referred to in Japan as *Kuro Neko* meaning "black cat." Yamato's Dual Cat Marks were designed by Yamato's founder Yasuomi Ogura.

13.   Yamato first used the Dual Cat Marks as early as 1957 and used the Marks in commerce as early as 1980.

14.   In 1980, Yamato Transport applied to federally register the Dual Cat Marks design for freight forwarding and freight storage by filing U.S. TM Application No. 73/260,376.  On September 1, 1981, the United States Patent and Trademark Office ("Trademark Office") acknowledged Yamato Transport's exclusive right to use the Dual Cat Marks by granting it U.S. Trademark Registration No. 1,167,709.  Yamato Transport subsequently assigned this Registration to Yamato Holdings.  Attached as **Exhibit A** is a true and correct copy of U.S. Trademark Registration No. 1,167,709, and summarized as follows:

**Mark:**



**Registration Number:**   1,167,709

**First Use Date:**   06/05/1962

**Registration Date:**   09/01/1981

**Goods and Services:**   C 039. US 105. G&S: Air Freight Forwarding and Freight Storage Services.

15.   U.S. Trademark Registration No. 1,167,709 is incontestable pursuant to 15 U.S.C. § 1065.

16.     In 2009, Yamato Holdings applied to federally register the Dual Cat Marks design for customs brokerage and varieties of shipping, transport, and storage services by filing U.S. TM Application No. 77/822,490.  On November 8, 2011, the Trademark Office acknowledged Yamato Holding's exclusive right to use the Dual Cat Marks by granting it U.S. Trademark Registration No. 4,053,503.  Attached as **Exhibit B** is a true and correct copy of U.S. Trademark Registration No. 4,053,503, and summarized as follows:

**Mark:**



**Registration Number:**     4,053,503

**First Use Date:**          06/1957

**Registration Date:**       11/08/2011

**Goods and Services:**      C 036.   US 100 101 102. G&S: Customs brokerage.

IC 039.   US 100 105.  G&S:  Railway transport; car transport; boat transport; shipping of goods; marine transport; air transport; furniture moving; guarded transport of valuables; parcel delivery; delivery of goods; freight forwarding; courier services for messages and merchandise; delivery of messages; delivery of goods by mail order; freight brokerage; transport brokerage; packaging articles for transportation; transport services, namely, local, interstate and international moving services; storage of goods; warehousing services; storage of personal property; storing and safekeeping of fine art; temporary storage of deliveries; transportation information; providing transportation and storage information; delivery of newspapers.

17.    Yamato USA is the exclusive licensee of the Dual Cat Marks registered under U.S. Trademark Registration Nos. 1,167,709 and 4,053,503 in the United States.

18.    Plaintiffs' Dual Cat Marks were first used almost 60 years ago and were first used in commerce in the United States over 35 years ago.  The registration of the Dual Cat Marks provides prima facie evidence of Yamato's exclusive right to use the Dual Cat Marks in commerce pursuant to 15 U.S.C. § 1115, and they also provide nationwide constructive notice of Plaintiffs' ownership and related exclusive rights pursuant to 15 U.S.C. § 1072.

19.    Plaintiffs' Dual Cat Marks were first used in connection with the freight, shipping, transport, importation and exportation of goods in United States and global commerce long prior to Defendants' infringing acts complained of herein, and long prior to the defendant Anxin's 2014 incorporation.

20.    Since the dates of first use, and well before to the acts complained of herein, Plaintiffs or their predecessor in interest have continuously used and developed the Dual Cat Marks to advertise and promote their freight, shipping, transport, and import/export services in California, the United States, and the world.

21.    As a result of Yamato's substantial efforts to develop and promote the Dual Cat Marks, the marks have become a valuable asset and well-known symbol of Yamato's substantial goodwill throughout the United States and the world.  The general public has come to associate the Dual Cat Marks with Yamato's services.

22.    The Dual Cat Marks are inherently distinctive as unique indicators of source for Plaintiffs' services and have become famous.

23.    The overall look, feel, appearance, and features of the Dual Cat Mark design, its form, shapes, images, and styling, are unique, original, non-functional, and a proprietary asset owned or licensed by Plaintiffs.

//

**B. Defendants' Infringing Mark**

24.     Despite Plaintiffs' prior use of and rights in the Dual Cat Marks, defendant Anxin is advertising, and promoting within this judicial district, in interstate and global commerce, the Infringing Mark which so closely imitates the Dual Cat Marks that it creates a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, or affiliation.

25.     Defendant Anxin was incorporated in 2014 and thus, its use of the Infringing Mark came decades after Yamato's first use of the Dual Cat Marks and after federal registration of both Dual Cat Marks.

26.     The Infringing Mark, like Yamato's Dual Cat Marks, features a stylized cat and kitten, all within an oval design.  Side-by-side images of the parties' respective marks are depicted below, with the genuine Dual Cat Marks on the left and the Infringing Mark on the right:

**Yamato's Dual Cat Marks**     **Defendant's Infringing Mark**

 

27.     Upon information and belief, defendant Anxin has affixed the Infringing Mark to a building it is occupying in Rowland Heights, California located in this judicial district.  Attached as **Exhibit C** is true and correct copy of Anxin's Rowland Heights Building where the Infringing Mark is prominently displayed.  Anxin's use of the Infringing Mark has created and continues create actual confusion by Yamato's customers.

28.     Anxin's use of the Infringing Mark is without Yamato's permission, consent, or authority.

**C. Defendant Song's Purported Registration of the Infringing Mark**

29.     Upon information and belief, defendant Anxin unjustifiably relies on U.S. Trademark Registration No. 3,441,412 ("the '412 Registration") for its use of the Infringing Mark.

30.     Upon information and belief, defendant Anxin has no ownership rights to the '412 Registration because Defendant Song owns it as an individual.  Attached as **Exhibit D** is a true and correct copy of the Assignment Record for the '412 Registration, accessed on September 13, 2016, showing that it has not been assigned.

31.     Attached as **Exhibit E** is a true and correct copy of the '412 Registration,, summarized as follows:

**Mark:**



**Registration Number:**     3,441,412

**First Use Date:**     10/12/2005 (as listed)

**Registration Date:**     6/3/2008

**Goods and Services:**     IC 019.  US 001 012 033 050. G& S: Lumber; plywood; veneer for floors; wooden veneers; wood  veneer; wooden flooring; fiberboards; floor boards of wood; partly processed timber.

32.     In the March 13, 2008 declaration that defendant Song used to secure the '412 Registration, he represented in a statement of use that specimen showed a "digital photograph of a packing of plywood."   See **Exhibit F** is a true and correct copy of defendant Song's declaration in support of the application for U.S. Trademark Registration No. 3,441,412 as found on the Trademark Office's website.

33.     The March 13, 2008 declaration that defendant Song used to secure the '412 Registration represented that the mark was in use by the "applicant or applicant's related company." Upon information and belief, Anxin was not the "related company" referenced in this declaration because Anxin was not incorporated until 2014.

34.     Yamato notified Anxin of Yamato's infringement contentions in a letter dated May 23, 2016 from Yamato Transport U.S.A., Inc.'s counsel to the President and/or Chief Operating Officer of Anxin Wood.

35.     On information and belief, Defendant Song, as an officer of Anxin Wood, was aware of this dispute and Yamato's challenge to the validity of the Infringing Mark when then filed the Declaration of Incontestability of a Mark under Section 15 on June 22, 2016. **Exhibit G** is a true and correct copy of defendant Song's declaration of incontestability for the '412 Registration as found on the Trademark Office's website.

36.     The infringing Mark depicted in the '412 Registration has caused confusion or mistake, and has deceived consumers as to an affiliation, connection, or association between Plaintiffs and Defendants.  It also caused confusion, mistake or deception as to the origin, sponsorship or approval of Defendants' products by Plaintiffs.  It has diluted Plaintiffs' Dual Cat Mark by both blurring the source of Yamato's services and tarnishing Yamato's strong brand.  Accordingly, the '412 Registration is subject to cancellation.

**D. Willful Manner and Effects of Defendants' Use of the Infringing Mark**

37.     Upon information and belief, in addition to affixing the Infringing Mark to a Rowland Heights building, defendant Anxin has advertised and sold products bearing the Infringing Mark.

38.     Upon information and belief, defendant Anxin has shipped, transported, and imported products bearing the Infringing Mark and used shipping containers displaying the Infringing Mark from China to California.  Defendant

1   Anxin's transportation and shipping of goods from China to California falls

2   within the service classes covered under Yamato's federal registrations for the Dual

3   Cat Marks including but not limited to "boat transport; shipping of goods; marine

4   transport; …delivery of goods; …transport services, namely, local, interstate and

5   international moving services."

6       39.   When sold, advertised and transported with the Infringing Mark

7   displayed prominently on the outside of the containers (see, e.g., the specimen

8   photograph of **Exhibit F** showing the Infringing Mark), the use of the

9   Infringing Mark on defendant Anxin's product(s) create a likelihood of

10  confusion, mistake, and deception among consumers as to source, sponsorship,

11  or affiliation. Defendant Anxin's advertisement, sale and transportation of

12  products bearing the Infringing Mark create the false impression that defendant

13  Anxin and its goods are affiliated with, sponsored, approved, or endorsed by

14  Yamato.

15      40.   Upon information and belief, Defendants' affiliates and/or parent

16  company located in China are involved in manufacturing and selling flooring with

17  excessive formaldehyde.  Upon information and belief, defendant Anxin transported

18  these products from China to the United States, and eventually sold them to

19  downstream consumers in the United States including within this judicial district, all

20  while displaying the Infringing Mark. Thus, Defendants' use of the Infringing Mark

21  is diluting by tarnishment Yamato's Dual Cat Marks by associating Plaintiffs'

22  services with its cancer-causing products.

23      41.   Upon information and belief, and in light of both Yamato's use of the

24  Dual Cat Marks for the past sixty years and the highly distinctive nature and

25  depiction of the big black cat and little black cat inside an oval of the Dual Cat Marks

26  design, defendant Anxin had full knowledge of Yamato's rights in the Dual Cat

27  Marks prior to its adoption and use of the Infringing Mark and intentionally copied

28  the Dual Cat Marks design.

42.     Upon information and belief, defendant Anxin adopted and is using the Infringing Mark to mislead consumers into believing falsely that its goods are manufactured, licensed, sponsored, endorsed by, or otherwise affiliated with Yamato.

43.     Upon information and belief, defendant Song approved and ratified Anxin's use of the Infringing Mark despite his full knowledge of Yamato's rights in the Dual Cat Marks.  He did so knowing it will mislead consumers into believing falsely that its goods are manufactured, licensed, sponsored, endorsed by, or otherwise affiliated with Yamato.

44.     Upon information and belief, Defendants have engaged in this unlawful activity with a willful and deliberate intent to cause a likelihood of confusion among consumers and to trade on the significant goodwill symbolized by Yamato's Dual Cat Marks.

**E. Defendants' Willful Disregard of Plaintiffs' Rights Despite Multiple Cease and Desist Letters**

45.     On May 23, 2016, having learned of Defendants' adoption and use of the Infringing Mark because of an incident of actual confusion of a Yamato customer, Yamato's counsel sent a letter to defendant Anxin, requesting that it immediately and voluntarily discontinue its unlawful activity.

46.     On June 27, 2016, defendant Anxin's counsel sent Yamato's counsel a response and stated that its use of the Infringing Mark was proper based on alleged ownership of U.S. Trademark Registration No. 3,441,412 and alleged difference in Yamato's registered services the Infringing Mark's registered goods.  Notably, Anxin did not address the similarity between the designs of Yamato's Dual Cat Marks and the Infringing Mark.

47.     On August 9, 2016, Yamato's counsel sent a second letter with among other things, evidentiary documentation that defendant Anxin does not own U.S. Trademark Registration No. 3,441,412 and refuting the remainder of Anxin's

arguments.   Yamato once again demanded that defendant Anxin immediately and voluntarily discontinue its unlawful activity.

48.   Defendant Anxin ignored Yamato's August 2016 demand.  Defendants have continued using the Infringing Mark in a manner likely to deceive and confuse consumers as well as tarnish the Dual Cat Marks.

49.   Defendants have continued and, upon information and belief, plan to continue their infringing use despite having full knowledge of Yamato's prior and exclusive rights in the Dual Cat Marks.

## V.   CAUSES OF ACTION AND PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT)

50.    Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

51.   Defendants' Infringing Mark, as described above, is confusingly similar to, and are colorable imitations of, the Yamato's federally registered Dual Cat Marks (Reg. Nos. 1,167,709 and 4,053,503 as shown in **Exhibits A** and **B**), and infringe those respective federally registered trademarks.

52.   Defendants' unauthorized use of the Infringing Mark has and is likely to continue to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, or origin of Anxin's products.  It will cause consumers to believe falsely that Anxin's goods are manufactured, licensed, sponsored, endorsed by, transported by, or otherwise affiliated with Plaintiffs.

53.   Defendants' unlawful actions have been conducted in commerce and have affected, and will continue to affect, Plaintiffs' business of promoting and offering services under the Dual Cat Marks and therefore constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54.   Defendants' unlawful actions also constitute trademark infringement in violation of Cal. Bus. & Prof. Code § 14245 and the common law.

55.   Upon information and belief, Defendants' acts of trademark infringement have been done willfully and deliberately, by copying and using the Dual Cat Mark design, and particularly since Defendants have had actual knowledge of Yamato's charge of infringement since June 2016 and have refused to discontinue its use. Defendants have profited and been unjustly enriched due to their unlawful conduct.

56.   Defendants' unlawful actions described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Plaintiffs' goodwill and reputation, and will continue to do so unless enjoined by the Court.

57.   Plaintiffs have been damaged as a result of the Defendants' infringement of its trademarks.  Defendants' use of the Infringing Mark has greatly injured Plaintiffs' general reputation causing Plaintiffs damage in an amount not yet ascertainable, but will be determined at trial.

58.   Upon information and belief, Defendants have derived and received, from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at trial.

59.   Upon information and belief, the intentional nature of Defendants' actions make this an exceptional case under 15 U.S.C. § 1117(a).

60.   Upon information and belief, Defendants' willful and deliberate actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation. As the acts alleged herein constitute a willful violation of 15 U.S.C. § 1114 and Cal. Bus. & Prof. Code § 14245, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, and 1118, Cal. Bus. & Prof. Code §§ 14245 and 14250, and the common law, including but not limited to Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

//

## SECOND CAUSE OF ACTION
## (TRADEMARK DILUTION)

61.     Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

62.     The Dual Cat Marks are distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of Defendants' conduct challenged herein and prior to defendant Anxin's incorporation in 2014.

63.     The Dual Cat Marks are distinctive and famous within the meaning of Cal. Bus. & Prof. Code § 14247 and were distinctive and famous prior to the date of Defendants' conduct challenged herein and prior to defendant Anxin's incorporation in 2014.

64.     Upon information and belief, Defendants' sale and transportation of products bearing the Infringing Mark is likely to blur the public's perception of the Dual Cat Marks and begin to signify Defendants' products and cause the consuming public to believe that Defendants' products were manufactured by or affiliated with Plaintiffs.

65.     Upon information and belief, Defendants' sale and transportation of these products containing cancer causing formaldehyde have diluted and will continue to dilute the Dual Cat Marks, are likely to impair the distinctiveness, strength and value of the Dual Cat Marks, and injure Plaintiffs' business reputation and the value of the Dual Cat Marks.

66.     Plaintiffs have been damaged as a result of the Defendants' infringement of its trademarks by being both blurred and tarnished.  Defendants' use of the Infringing Mark has greatly injured Plaintiffs' general reputation causing Plaintiffs damage in an amount not yet ascertainable, but will be determined at trial.

67.     Upon information and belief, Defendants have derived and received, from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at trial.

68.     Upon information and belief, Defendants acted intentionally and/or willfully in using Yamato's Dual Cat Marks, knowing that said mark belonged to Plaintiffs, and without authorization to use said mark.

69.     Defendants' unlawful actions described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Plaintiffs' goodwill and reputation, and will continue to do so unless enjoined by the Court.

70.     Defendants' unlawful actions described above constitute trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

71.     Defendants' unlawful actions described above also constitute trademark dilution in violation of Cal. Bus. & Prof. Code § 14247, and the common law.

72.     Upon information and belief, Defendants' willful and deliberate actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive consumers. As the acts alleged herein constitute a willful violation of 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14247, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), Cal. Bus. & Prof. Code §§ 14247 and 14250, and common law including but not limited to Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

### THIRD CAUSE OF ACTION
### (FALSE DESIGNATION OF ORIGIN)

73.     Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

74.     Defendants' actions as described herein constitute direct and/or contributory violation of 15 U.S.C. §1125(a)(1)(A), as such actions are likely to cause confusion or mistake, or to deceive as to regarding the origin, sponsorship, and/or approval of Defendants' products by Plaintiffs. These acts amount to false designation of origin.

75. Plaintiffs have been damaged as a result of the Defendants' false designation of origin. Defendants' use of the Infringing Mark has greatly injured Plaintiffs' general reputation causing Plaintiffs damage in an amount not yet ascertainable, but will be determined at trial.

76. Upon information and belief, Defendants have derived and received from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at trial.

77. Upon information and belief, Defendants acted intentionally and/or willfully in using the Dual Cat Marks, knowing they belonged to Plaintiffs, and without authorization to use said mark.

78. Defendants' unlawful actions described above have caused injury and damages to Plaintiffs, and have caused irreparable injury to Plaintiffs' goodwill and reputation, and will continue to do so unless enjoined by the Court.

79. Upon information and belief, Defendants' willful and deliberate actions were committed in bad faith and with the intent to cause confusion and mistake, and to deceive the consuming public as to the source, sponsorship, and/or affiliation. As the acts alleged herein constitute a willful violation of 15 U.S.C. § 1125(c), Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1114, 1116, 1117, and 1118, and common law, including but not limited to Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION
### (UNFAIR COMPETITION)

80. Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

81. Defendants' unlawful actions described herein constitute unlawful, unfair, and/or fraudulent business acts or practices. Defendants' actions thus constitute "unfair competition" pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* Defendants' action also constitute unfair competition under the common law.

82.    Plaintiffs have suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money, and diminution in the value of the Dual Cat Service Mark and goodwill, as a proximate result of Defendants' unfair competition.

83.    Plaintiffs request disgorgement of all profits which Defendants wrongfully obtained by their unfair competition, and restitution to Plaintiffs in an amount to be proven at trial.

84.    Defendants' actions have caused, and will continue to cause Plaintiffs to suffer irreparable harm unless enjoined by this Court.

**FIFTH CAUSE OF ACTION**
**(CANCELLATION OF TRADEMARK)**

85.    Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

86.    Yamato's use of the Dual Cat Mark precedes Defendants' use of the Infringing Mark depicted in the '412 Registration.

87.    The '412 Registration, and its maintenance, are likely to cause confusion or mistake, or to deceive as to an affiliation, connection, or association between Plaintiffs and Defendants, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of Defendants' products by Plaintiffs. The '412 Registration also likely to dilute by blurring and tarnishing Yamato's Dual Cat Mark.

88.    Plaintiffs are and will continue to be damaged by the '412 Registration.

89.    Pursuant to 15 U.S.C. §§ 1064 and 1119, Plaintiffs are entitled to an order that the '412 Registration be cancelled.

**SIXTH CAUSE OF ACTION**
**(DECLARATORY RELIEF)**

90.    Plaintiffs re-allege the foregoing paragraphs and incorporate them as if fully set forth herein.

17

91.    Plaintiffs have been using the Dual Cat Marks as early as 1957. Yamato Transport and Yamato Holdings are the owners of U.S. Trademark Registration Nos. 1,167,709 and 4,053,503 respectively.   Defendant Anxin was incorporated on June 12, 2014, which is presumably the earliest date it could have used the Infringing Mark. As such, Plaintiffs have exclusive common law and federal trademark rights to Yamato's Dual Cat Marks.

92.    In May 2016, Plaintiffs learned that defendant Anxin has affixed the Infringing Mark to its building in this judicial district and upon further investigation and confirmation from Anxin's counsel, learned that Anxin has been widely using the Infringing Mark in shipping and transporting goods.  Further, defendant Anxin has sold, imported and transported its product bearing the Infringing Mark in this judicial district.  It has alleged rights to use the Infringing Mark under defendant Song's purported trademark.  It has refused to voluntarily stop using the Infringing Mark despite two cease and desist letters from Plaintiffs.

93.    A dispute has therefore arisen between the parties, and an actual and justiciable controversy exists, in that the parties claim trademark rights to the subject mark.

94.    Plaintiffs therefore seek a declaration and judicial determination that they are the exclusive owner and user of the Dual Cat Marks, or any confusingly similar mark such as Defendants' Infringing Mark.

95.    Plaintiffs also seek a declaration and judicial determination that their rights to use the Dual Cat Marks, or any confusingly similar mark such as Defendants' Infringing Mark are superior to that of Defendants' rights, if any.

96.    Plaintiffs have no other existing, speedy, adequate, or proper remedy other than such a declaration and determination of the parties' rights as prayed for herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows as to each Defendant with respect to each claim for relief:

1.     For a judgment that Defendants, their officers, agents, distributors, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with any of them, be permanently enjoined from using or employing, directly or indirectly, the Infringing Mark or any mark, logo, device that is confusingly similar to Yamato's Dual Cat Marks, or is likely to confuse or deceive as to the affiliation, connection, sponsorship, or association of Defendants' products or commercial activities with Plaintiffs or the Dual Cat Marks;

2.     That Defendants be directed to file with this Court, within *thirty* days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

3.     That an accounting be directed to determine Defendants' profits resulting from its trademark infringement, trademark dilution, false origin, and unfair competition which are the subject of this suit, and that such damages be multiplied pursuant to 15 U.S.C. § 1117;

4.     That Plaintiffs recover damages, in an amount to be determined at trial, resulting from Defendants' trademark infringement, trademark dilution, false origin, and unfair competition;

5.     That defendant Song's U.S. Trademark Registration No. 3,441,412 be cancelled in its entirety;

6.     That Plaintiffs recover its costs of this action;

7.     That Plaintiffs be awarded its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117(a), 17 U.S.C. § 1203 and Cal. Bus. & Prof. Code § 14250;

8.     That Plaintiffs be awarded punitive damages in an amount to be determined; and

9.     That Plaintiffs recover all such other and further relief as the Court may deem appropriate.

//

//

DATED: September 13, 2016          LTL ATTORNEYS LLP


                                   By:   /s/ Enoch H. Liang
                                         Enoch Liang
                                         Lauren Sliger
                                         Danica Lam

                                         Attorneys for Yamato Holdings Co. LTD
                                         and Yamato Transport USA, Inc.

COMPLAINT

1

2

## DEMAND FOR JURY TRIAL

3       Plaintiffs request a trial by jury on all issues so triable as of right.

4   DATED: September 13, 2016          LTL ATTORNEYS LLP

5

6                                     By: /s/ Enoch H. Liang

7                                         Enoch Liang
                                          Lauren Sliger
8                                         Danica Lam

9                                         Attorneys for Yamato Holdings Co. LTD
                                          and Yamato Transport USA, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT